GtREEn, J.
delivered the opinion of the court;
This bill is filed by one Of the executors Of John Wilks, deceased, against his co-exbcutor and the legatees, for a settlement and final adjustment of the estate of his testator, according to the rights of the parties. Morgan Fitzpatrick, *58 who is made defendant, claims the legacy of Polly Dearin,, (who, together with' her husband, John Dearin, are also defendants,) by virtue of a sale and transfer to him signed and gea]e¿ hy John Dearin and his wife, Polly, on the 20th of February, 1836. Polly Dearin insists that she cannot be prejudiced by the execution of the transfer to Fitzpatrick, and that she is in equity entitled to a settlement, for her use, of the legacy due from her father’s estate. The court decreed the portion of Polly Dearin to her, disregarding the transfer to Fitzpatrick. Fitzpatrick alone appealed to this court. It is well settled, that if a husband, or any person claiming in his right, seeks to reduce into his possession the wife’s legacy or distributive share, a court of chancery will make a provision out of it for her. Clancy on Rights, 441, et seq. 10 Yerg. 559: 2 Story’s Eq. 1403, et seq. But it is said that in this case the wife has assigned away her interest. The assignment produced can have no obligatory force upon the wife, as it was made without those solemnities courts of equity require in such cases. In order to bind a wife by a transfer of a legacy due her she must be privily examined in court touching her consent to such transfer. Clancy on Rights, 444: 4 Hay. 19: 3 Cowen’s Rep. 599: 3 Ves. 469: 4 Ves. 18. It is insisted she was guilty of a fraud in joining her husband in the transfer and then sotting up her equity against it. If this were so, the wife never could be protected in her rights; and all her deeds, while covert, though void in law, would be set up against her on the ground of fraud. But there is no pretence for the charge of fraud; no misrepresentation was made to Fitzpatrick by her, and he was bound to know what legal rights he acquired by the transfer, and what were the rights the law permitted him to set up against it. The decree will be affirmed, with the exception that the share of Mrs. Dearin must be paid to a trustee for her use. The costs will be paid as directed in the decree below, and the defendant, Fitzpatrick, will pay the costs of this court,